FILED 05 SEP 13 AM 9:
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
JF 550

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name REDD PAUL A
(Last) (First) (Initial)

Prisoner Number B-72683

Institutional Address P.O. BOX 7500
CRESCENT CITY, CA 95532

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

PAUL A. REDD JR
(Enter the full name of plaintiff in this action.)

vs.

Edward Alameida
JOE Mc GRATH
JEANNE Woodford
Richard Kirkland
(Enter the full name of the defendant(s) in this action) et Al(s)

Case No. C 05 3675 JF PVT
(To be provided by the clerk of court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

(PR)

***[All questions on this complaint form must be answered in order for your action to proceed..]***

I. Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement ____________

B. Is there a grievance procedure in this institution?

YES (✓) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES(✓) NO ( )

RECEIVED
SEP 06 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

D. If your answer is YES, list the appeal number and the date and result of the appeal at

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal

2. First formal level C02-01680 denied on June 27, 2002

3. Second formal level C02-01680 denied on August 12, 2002

4. Third formal level C02-01680 denied on Septeber 27, 2002

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

Paul A. Redd Jr B-72683
P.O. Box 7500
Crescent City, CA 95532

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

Edward Alameida former Director of CDC. P.O. 942883 Sacramento, CA 94283, Joe Mc Grath former warden of PBSP

CURRENT ADDRESS P.O.BOX 942883 SACRAMENTO, CA 94283, JEANNE WOODFORD DIRECTOR OF CDC P.O.BOX 942883 SACRAMENTO, CA 94283 Richard Kirkland Warden of PBSP P.O.BOX 7000 CRESCENT City, CA 95531 (SEE ATTACH PAGES PARTIES) pg 4-5)

III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

First CAUSE of Action:
Director of CDC Enforcement IN BANNING AND Prohibiting Plaintiff AND OTHER AFRICAN AMERICAN PRISONERS AT PELICAN BAY STATE PRISON FROM POSSESSING Swahili/English Dictionaries Violates THEIRS Civil Rights AND FIRST AMENDMENT

On June 18, 2002 Plaintiff received an CDC-1819 Notification of Disapproval form stating plaintiff will not be issued his Swahili/English Dictionary from Carol's Book Store due to Defendant Joe Mc Grath memorandum dated (SEE ATTACH NEXT PAGE 6-7)

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Plaintiff SEEK DECLARATORY AND INJUNCTIVE RELIEF. DECLARE ITS AN ARBITRARY DISCRIMINATORY Policy BANNING AFRICAN AMERICAN PBSP PRISONERS POSSESSING Swahili/English Dictionary

# PARTIES

1. Plaintiff PAUL A. REED JR. was at all times mentioned herein confined at Pelican Bay State Prison. Brings this 42 USC §1983 claims for relief as an result the violation of his Civil Rights.

2. Defendant Edward Alameida was the Director of the California Department of Correction at the time these Constitutional Violations occurred. He was legally responsible for the overall operation of the Department and each institutions under its jurisdiction including Pelican Bay State Prison including decisions and implementation of policies, procedures concerning all prisoners. He is sued in his official capacity.

3. Defendant doe McGrath was the warden of Pelican Bay State Prison at the time who order the BAN resulting in the Constitutional Violations. He was legally responsible for the daily operation of the prison while performing his duties under the supervision of defendant Edward Alameida. He is sued in his official capacity.

4. Defendant Jeanne Woodford is the new Director of the California Department

of Corrections enforcing this arbitrary discriminatory policy. She is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Pelican Bay State Prison including decisions and implementation of policies, procedure concerning all prisoners. She is being sued in her official capacity.

5. Defendant Richard Kirkland is the new Warden at Pelican Bay State Prison enforcing this arbitrary discriminatory policy. He is legally responsible for the daily operation of the prison while performing his duties under the Supervision of defendant Jeanne Woodford. He is sued in his official capacity.

All Named defendants were and are acting within the course and scope of their employment and under color of Law.

December 28, 2001.

On June 20, 2002 Plaintiff filed an 602 Appeal log no. C02-01680 on the grounds Defendant Joe McGrath policy was (1) Arbitrary and capricious violating plaintiff's First Amendment (2) Arbitrarily discriminate against all African American prisoners in Pelican Bay State Prison [illegible] in violation of CDC own non discriminatory policy (3) The policy violates plaintiff's rights under the Equal Protection Clause.

On June 27, 2002 the appeal was denied at first level. On August 12, 2002 the appeal was denied at Defendant Joe Warden Second level review.

On August 16, 2002 Plaintiff appealed this ban to Defendant Edward Alameida to declare the Memorandum void

On September 27, 2002 Defendant Edward Alameida (Director's level) denied plaintiff appeal on the ground the Swahili dictionary contain information that is a safety concern and the disallowed dictionary is due to penological interests.

## Second Cause of Action:

## Arbitrary Discriminatory Policy Banning the Possession of Swahili/English Dictionary Based on Plaintiff

RACE VIOLATES EQUAL PROTECTION
CLAUSE OF THE FOURTEENTH AMENDMENT.

Plaintiff contend the policy is RACIST in nature and clearly violates the EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

THERE ARE MANY individuals AND VARIOUS Ethnic GROUPS in PBSP SHU/PRISON that RE-PRESENT MANY RACES. YET this Policy by the former WARDEN JOE Mc GRATH AND ENFORCED by the former DIRECTOR of CDC Edward Alameida does not ban these prisoners nor Plaintiff from RECEIVING/POSSESSING MATERIAL including Dictionaries such as Spanish/English, Chinese/English, Italian/English, FRENCH/English, GERMAN/English AND ARABIC/English to NAME A FEW.

Plaintiff named defendant Jeanne Woodford Director of CDC and defendant Richard Kirkland Warden of PBSP they are the ones the Court can order to grant the relief sought under declaratory and injunctive RELIEF.

FEDERAL WRIT OF HABEAS CORPUS
(REDD V. KIRKLAND CASE NO. C05-2442 JF (PR)
WAS DISMISSED WITHOUT PREJUDICE AND REFILE UNDER A CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 (SEE ATTACH ORDER OF DISMISSAL DATED JULY 8, 2005).

PLAINTIFF ASK THIS COURT TO ATTACH HIS EXHIBITS FROM CASE NO. C05-2442 JF (PR) WHICH CONTAINS PLAINTIFF PRISON APPEALS.

Proof of Service

I Plaintiff PAUL A. REDD JR on Aug 30 ___ 2005 served the attached:

Complaint 42 USC § 1983
REDD v. Alameida et als
attached w/ IN FORMA PAUPERIS APPLICATION

by placing a true original in a sealed envelope and handing to the law library officer for placing in institution mail addressed to the below

Office of the Clerk U.S. District Court
280 South First Street room 2112
San Jose, CA 95113-3095

I declare under penalty of perjury that the foregoing is true and correct. Executed on Aug 30, ___ 2005 at Pelican Bay State Prison P.O. Box 7500 Crescent City, CA 95532

Paul A. Redd Jr

FILED

JUL - 8 2005



NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL ALYWEN REDD, JR., ,

Petitioner,

vs.

RICHARD KIRKLAND, Warden,

Respondent.

No. C 05-2442 JF (PR)

ORDER OF DISMISSAL

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's claims concern the conditions of his confinement at Pelican Bay State Prison. Petitioner alleges that his civil rights were violated by the California Department of Correction's policy prohibiting him from having a Swahili/English dictionary. Petitioner maintains that he has filed a grievance through the prison administrative appeal process.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court dismisses this habeas action because Petitioner's claims do not challenge the legality of his conviction or sentence. Instead, Petitioner alleges that the Department of Correction's prohibition on his Swahili/English dictionary violates his First Amendment and equal protection civil rights. Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on the enclosed form. Petitioner shall include supporting documentation of his prison appeal with his new complaint as the instant case will be closed. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 7-5-05

JEREMY FOGEL
United States District Judge

This is to certify that on 7-8-05, a copy of this ruling was mailed to the following:

Paul Alywen Redd, Jr.
B-72683
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 13 day of August, 2005

Paul A. Redd Jr.

(Plaintiff's signature)