**Original filed 2/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ALYWEN REDD, JR., | ) | No. C 05-3675 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD ALAMEIDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the former directors of the California Department of Corrections and Rehabilitation ("CDCR"), and against the PBSP Warden and Deputy Warden. Plaintiff alleges that Defendants ban and prohibition on Plaintiff and other African American Prisoners at PBSP from possessing a Swahili/English dictionary violates their First Amendment rights. Plaintiff also claims that this arbitrary discriminatory policy is base upon Plaintiff's race and violates the equal protection clause of the Fourteenth Amendment. Plaintiff seeks declaratory and injunctive relief that the policy is arbitrary and discriminatory. The Court will review the complaint pursuant to 28 U.S.C. § 1915.

\\\

**DISCUSSION**

A.     Standard of Review

       Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro

se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

(9th Cir. 1990).

       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under

the color of state law committed a violation of a right secured by the Constitution or laws of the

United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  To state a claim a plaintiff must show a

specific constitutional or federal guarantee safeguarding the interests that have been invaded.

See Paul v. Davis, 424 U.S. 693, 697 (1976).

B.     Plaintiff's Claims

       **1.     First Amendment Claim**

       The First Amendment prohibits government officials from "abridging the freedom of

speech . . . or the right of the people peaceably to assemble."  U.S. Const. amend. I.  Prisoners

retain those First Amendment rights not inconsistent with their status as prisoners or with

legitimate penological objectives of the corrections system.  See Pell v. Procunier, 417 U.S. 817,

822 (1974).  Regulations or practices limiting prisoners' access to publications or other

information are therefore valid only if they are reasonably related to legitimate penological

interests.  See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S.

78, 89 (1987)).

       The Supreme Court recognized in Turner that imprisonment does not automatically

deprive a prisoner of certain important constitutional protections, including those of the First

Amendment.  See Beard v. Banks, 126 S. Ct. 2572, 2577 (2006).  But at the same time the

Constitution sometimes permits greater restriction of such rights in a prison than it would allow

1  elsewhere.  Id. at 2577-78.  As Overton v. Bazzetta pointed out, courts owe "substantial

2  deference to the professional judgment of prison administrators."  539 U.S. 126, 132 (2003).

3  Turner reconciled these principles by holding that restrictive prison regulations are permissible if

4  they are "reasonably related" to legitimate penological interests, and are not an "exaggerated

5  response" to such objectives.  Turner, 482 U.S. at 87.

6         Liberally construed, Plaintiff's allegation that the prison's prohibition on

7  Swahili/English dictionaries violates his rights under the First Amendment is cognizable.  The

8  Court will order service of this claim.

9              **2.      Equal Protection Claim**

10        Plaintiff alleges that the policy prohibiting possession of Swahili/English dictionaries is

11 arbitrary, discriminatory and based upon Plaintiff's race in violation of his right to equal

12 protection.  Plaintiff contends that the policy does not ban prisoners from possessing and

13 receiving other dictionaries, such as Spanish/English, Chinese/English, Italian/English,

14 French/English, German/English, and Arabic/English.

15        "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment

16 from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974)

17 (citation omitted).  Invidious racial discrimination such as racial segregation, which is

18 unconstitutional outside prisons, also is unconstitutional within prisons.  See Johnson v.

19 California, 543 U.S. 499, 505-06 (2005).  However, a claim of racial discrimination under the

20 Equal Protection Clause requires demonstration of discriminatory intent.  Washington v. Davis,

21 426 U.S. 229, 239-40 (1976); Jeffers v. Gomez, 267 F.3d 895, 913-14 (9th Cir. 2001).

22        Liberally construed, Plaintiff has alleged a cognizable equal protection claim.  The Court

23 will order service of this claim.

24 **3.      Named Defendants**

25        Plaintiff names former CDCR Director Edward Alameda and former CDCR Director

26 Jeanne Woodford, both in their official capacities, as Defendants.  The Eleventh Amendment

27 bars from the federal courts suits against a state by its own citizens, citizens of another state or

28 citizens or subjects of any foreign state.  See Atascadero State Hosp. v. Scanlon, 473 U.S. 234,

1    241 (1985).  This Eleventh Amendment immunity also extends to suits against a state agency,

2    see, e.g., Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California

3    Adult Authority and San Quentin Prison not subject to suit); Bennett v. California, 406 F.2d 36,

4    39 (9th Cir.) (California Adult Authority and CDC not subject to suit), cert. denied, 394 U.S. 966

5    (1969), and to suits for damages against state officials acting in their official capacities, see

6    Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 97-121 (1984).

7         However, a state official may be sued for prospective injunctive relief from continuing or

8    impending state action which violates the federal constitution or a federal statute.  See Kentucky

9    v. Graham, 472 U.S. 159, 167 n.14 (1985); Ex parte Young, 209 U.S. 123, 159-60 (1908);

10   Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997).

11        Plaintiff's claims for prospective injunctive relief against Defendants Edward Alameida

12   and Jeanne Woodford, in their official capacity as the former Director of the California

13   Department of Corrections and Rehabilitation, are barred by the Eleventh Amendment because

14   Defendants Alameida and Woodford are no longer in a position to provide injunctive relief.

15   Accordingly, all claims against defendants Edward Alameida and Jeanne Woodford are

16   DISMISSED with prejudice.

17                                  **CONCLUSION**

18        1.    Defendants Edward Alameda and Jeanne Woodford are DISMISSED as

19   Defendants from this action.

20        2.    The Clerk shall issue a summons and the United States Marshal shall serve,

21   without prepayment of fees, copies of the amended complaint in this matter (docket no. 12), all

22   attachments thereto, and copies of this order on the remaining Defendants:

23   JOE MCGRATH, Warden, Pelican Bay State Prison; RICHARD KIRKLAND, Chief Deputy

24   Warden, Pelican Bay State Prison.  The Clerk shall also serve a copy of this order on Plaintiff.

25        3.    In order to expedite the resolution of this case, the Court orders as follows:

26              a.    No later than **sixty (60) days** from the date of this order, Defendants shall

27   file a motion for summary judgment or other dispositive motion, or shall notify the Court that

28   Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion

1  shall be supported by adequate factual documentation and shall conform in all respects to

2  Federal Rule of Civil Procedure 56.

3  **Defendants are advised that summary judgment cannot be granted, nor qualified**

4  **immunity found, if material facts are in dispute.  If Defendants are of the opinion that this**

5  **case cannot be resolved by summary judgment, they shall so inform the Court prior to the**

6  **date the summary judgment motion is due**.

7  All papers filed with the Court shall be promptly served on Plaintiff.

8  b.      Plaintiff's opposition to the dispositive motion shall be filed with the

9  Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion

10  is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

11  The defendants have made a motion for summary  judgment by
which they seek to have your case dismissed.  A motion for summary

12  judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
granted, end your case.

13  Rule 56 tells you what you must do in order to oppose a
motion for summary judgment.  Generally, summary judgment

14  must be granted when there is no genuine issue of material fact--
that is,  if there is no real dispute about any fact that would affect

15  the result of your case, the party who asked for summary judgment
is entitled to judgment as a matter of law, which will end your

16  case.  When a party you are suing makes a motion for summary
judgment that is properly supported by declarations (or other

17  sworn testimony), you cannot simply rely on what your complaint
says.  Instead, you must set out specific facts in declarations,

18  depositions, answers to interrogatories, or authenticated
documents, as provided in Rule 56(e), that contradict the facts

19  shown in the defendant's declarations and documents and show
that there is a genuine issue of material fact for trial.  If you do not

20  submit your own evidence in opposition, summary judgment, if
appropriate, may be entered against you.  If summary judgment is

21  granted in favor of defendants, your case will be dismissed and
there will be no trial.

22  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

23

24  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

25  Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

26  summary judgment must come forward with evidence showing triable issues of material fact on

27  every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

28  Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the

1  granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

2  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th

3  Cir. 1994).

4          c.      Defendants shall file a reply brief no later than **fifteen (15) days** after

5  Plaintiff's opposition is filed.

6          d.      The motion shall be deemed submitted as of the date the reply brief is due.

7  No hearing will be held on the motion unless the Court so orders at a later date.

8      4.      All communications by the Plaintiff with the Court must be served on Defendants,

9  or Defendants' counsel once counsel has been designated, by mailing a true copy of the

10  document to Defendant or Defendants' counsel.

11     5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

12  and the parties informed of any change of address and must comply with the Court's orders in a

13  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

14  pursuant to Federal Rule of Civil Procedure 41(b).

15     6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

16  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

17  required before the parties may conduct discovery.

18     IT IS SO ORDERED.

19  DATED: _____2/14/07_____

20                          JEREMY FOGEL
                            United States District Judge

21

22

23

24

25

26

27

28

1

2

A copy of this order has been mailed to:

3    Paul Alywen Redd, Jr.
     B-72683
4    Pelican Bay State Prison
     P.O. Box 7500
5    Crescent City, CA  95531-7500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28