NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| PAUL ALYWEN REDD, JR., | ) | No. C 05-3675 JF (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS** |
| vs. | ) ) | |
| EDWARD ALAMEIDA, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 24) |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP") proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against the former directors of the California Department of Corrections and Rehabilitation, and the Warden and Deputy Warden of PBSP. Plaintiff alleges that Defendants have prohibited Plaintiff and other African-American prisoners at PBSP from possessing a Swahili/English dictionary and that such prohibition violates their First Amendment rights. Plaintiff seeks declaratory and injunctive relief on the basis that the policy is arbitrary and discriminatory. Defendants have filed a renewed motion to dismiss on procedural grounds. Plaintiff has filed opposition, and Defendants have filed a reply. Having reviewed the record and the applicable law, the Court concludes that Plaintiff's action is barred by the statute of limitations. Accordingly, the Court will GRANT Defendants' motion

and will DISMISS the action with prejudice.

## BACKGROUND

Plaintiff first filed this action as a petition for a writ of habeas corpus.[1] The Court dismissed the action, concluding that Plaintiff's allegations should be brought as a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff then refiled this action as a civil rights complaint.

The facts giving rise to Plaintiff's claim are as follows. In 2002, Plaintiff ordered a Swahili/English dictionary from a bookstore. Compl. at 3. On June 18, 2002, Plaintiff received a notification from the prison stating that PSBP had disapproved Plaintiff's receipt of this book. Id. Believing that Defendants' action violated his First Amendment rights, Plaintiff filed an administrative grievance. Plaintiff exhausted his administrative remedies on September 27, 2002 when prison authorities issued a final decision. Id. at 6.

On June 9, 2003, Plaintiff filed a state habeas petition in the Del Norte Superior Court, alleging these same claims. Pl.'s Opp. to First Mot. Dismiss at 2. On June 8, 2004, Plaintiff filed a habeas petition in the California Court of Appeal for the First Appellate District. Id. Plaintiff filed a habeas petition in the California Supreme Court on June 24, 2004. Id. All of these petitions were denied.

Presently before the Court is Defendants' renewed motion (Docket No. 24) to dismiss on the ground that Plaintiff's action is barred by the statute of limitations.[2] Defs.' Renewed Mot. Dismiss ("MTD") at 2.

---

[1] Redd v. Kirkland, Case No. C 05-2442 JF (PR).

[2] Defendants also contend that Plaintiff's action is barred by the doctrines of res judicata and collateral estoppel. MTD at 2. More specifically, Defendants assert that they are entitled to judgment as a matter of law because Plaintiff litigated and lost with respect to the same claims and issues in state court. Because the Court will grant the motion on other grounds, it is unnecessary to discuss this contention in detail. The Court notes, however, that Defendants were unable to submit copies of the relevant state court decisions, as they had been directed to do by the Court, because the state court did not issue reasoned decisions. Reply at 4. Without such documentation, the Court is unable to determine whether these preclusive doctrines apply to the instant action.

**DISCUSSION**

**A.     Statute of Limitations**

In actions brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury actions, as well as the forum state's law regarding tolling, including equitable tolling, except to the extent that any of these laws is inconsistent with federal law. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). At the time Plaintiff's claim accrued, California's statute of limitations for personal injury actions was one year.[3] Cal. Civ. Proc. Code § 340(3) (West Supp. 2002).

It is federal law, however, that determines when a claim for relief accrues and when the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999). Despite this general rule, the Ninth Circuit has declared that it "join[s] the Fourth Circuit in expressing serious doubts that a facial challenge under the First Amendment can ever be barred by a statute of limitations." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1168 (4th Cir. 1991)).

In the instant case, the date of accrual is June 18, 2002, when PBSP officially notified Plaintiff that he could not possess a Swahili/English dictionary. Therefore, absent tolling, Plaintiff had until June 17, 2003 to file his § 1983 claims. Plaintiff filed this action on September 13, 2005, well after the 2003 expiration date.[4]

Plaintiff is not entitled to statutory tolling. California law provides for the tolling of a

---

[3] Effective January 1, 2003, the new California statute of limitations for assault, battery, and other personal injury claims is two years instead of one. Cal. Civ. Proc. Code § 335.1 (West Supp. 2004). This new statute of limitations does not apply retroactively, Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004), so the appropriate limitations period remains one year in the instant case.

[4] Even if the Court were to use the date that Plaintiff first filed this action, that is, June 16, 2005, when it was a federal habeas petition, the fact remains that Plaintiff filed his action outside the statute of limitations period.

Order Denying Without Prejudice Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Redd675.mtd.denial.md          3

statute of limitations for up to two years based on the disability of imprisonment. Cal. Civ. Proc. Code § 352.1. Statutory tolling is unavailable, however, for actions for injunctive or declaratory relief, such as the instant action.[5] Id. at § 352.1(c).

Nor is Plaintiff entitled to equitable tolling. Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983)).

Even assuming arguendo that equitable tolling is applicable to the instant case, the instant action was filed too late. As stated above, the date of accrual was June 18, 2002. Plaintiff exhausted his administrative remedies on September 27, 2002. Plaintiff filed his first state action regarding this matter in the superior court on June 9, 2003, 255 days after exhausting the prison's grievance process. The superior court denied the petition on April 2, 2004. Defs.' Req. for Judicial Notice, Ex. H at 2. Plaintiff filed his next state action sixty-seven days later, on June 8,

---

[5] "[Cal. Civ. Proc. Code § 352.1] does not apply to an action, other than an action to recover damages or that portion of an action that is for the recovery of damages, relating to the conditions of confinement, including an action brought by that person pursuant to Section 1983 of Title 42 of the United States Code." Cal. Civ. Proc. Code § 352.1(c).

Order Denying Without Prejudice Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Redd675.mtd.denial.md            4

2004, which the state appellate court denied on June 17, 2004. Pl.'s Opp. to First Mot. Dismiss at 2. On June 24, 2004, Plaintiff filed his final state habeas petition in the California Supreme Court, which denied the petition on May 11, 2005. Defs.' Req. for Judicial Notice, Ex. 11. Petitioner filed the instant action on September 13, 2005, 125 days after the state supreme court's denial. Plaintiff filed this action at least 447 days after the accrual date, well beyond the one-year filing limitations period. The record also indicates that Plaintiff's conduct may not have been reasonable or in good faith, as the unexplained lengthy delay of 255 days between the prison's denial of his grievance and the filing of his first state habeas petition indicates. Based on this record, the Court concludes that even taking equitable tolling into account, Plaintiff has filed outside the statute of limitations.[6]

As to the question raised by Maldonado, Defendants now contend that the Ninth Circuit merely expressed doubts as to whether a facial challenge under the First Amendment could ever be barred by a statute of limitations, but came to no firm conclusion.[7] MTD at 14. In fact, the appellate panel found that the question irrelevant to Maldonado's action because the plaintiff suffered a continuing violation as he was under a permanent injunction inhibiting his expression. Id.

The Court finds Defendants' reading of Maldonado persuasive, at least with respect to the facts presented here. The Ninth Circuit expressed "serious doubts," rather than declaring a new rule: "whether a statute of limitations for § 1983 actions can bar a facial challenge under the First Amendment to a state statute appears to be a question that has not been conclusively

---

[6] Even if the Court were to use an accrual date of July 21, 2005, which is the date judgment was entered on Plaintiff's original federal habeas petition, equitable tolling will not save the present action. Plaintiff refiled this action fifty-four days later on September 13, 2005. Adding this fifty-four-day delay to the other delays of 255 days (between the final prison grievance decision and the state superior court filing), sixty-seven days (between the superior court's denial to the state appellate filing), and thirty-six days (between the state supreme court's denial to the filing of the federal habeas petition on June 16, 2005), totals 412 days, well past the one-year time limit.

[7] Defendants also contend that the doubts expressed in Maldonado apply only to facial challenges, rather than what Defendants characterize as an as-applied challenge. MTD at 14.

Order Denying Without Prejudice Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Redd675.mtd.denial.md           5

1  resolved by any Circuit court." Maldonado, 370 F.3d at 955.  Because Maldonado did not
2  announce a rule regarding the application of statutes of limitations to facial First Amendment
3  challenges, it does not undermine Defendants' procedural argument here.  Accordingly,
4  Defendants' motion will be granted.

## CONCLUSION

6  For the reasons set forth above, Defendants' motion (Docket no. 24) is GRANTED.
7  Accordingly, the complaint is DISMISSED WITH PREJUDICE.  The Clerk shall enter
8  judgment, terminate all pending motions, and close the file.
9  **IT IS SO ORDERED.**
10 DATED:  8/28/08

JEREMY FOGEL
United States District Judge